*FILED*

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA** 2018 MAY 11  AM 10: 02
**OCALA DIVISION**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

WENDY MCINTOSH,

      Plaintiff,

                              Case No.: 5:18-cv-230-Oc-30PRL

v.

YALAHA BAKERY LLC, D/B/A
YALAHA BAKERY, HEINZ JUERGEN
KLUMB and ANNE MARIE KLUMB,
Defendants.

---

## COMPLAINT FOR VIOLATION OF THE FLSA

---

      Plaintiff, WENDY MCINTOSH, brings this lawsuit against the above captioned Defendant, YALAHA BAKERY LLC, D/B/A YALAHA BAKERY, "Defendant" (HEREINAFTER YALAHA), Heinz Juergen Klumb and Anne Marie Klumb for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et. seq.* (the "FLSA") for failure to pay overtime compensation at a rate of 1.5 times her regular rate of pay for all hours worked over forty hours a week.

### Introduction

    1.  As explained herein, an employer violates the FLSA when it does not pay minimum wages for overtime compensation to any employee who is non-exempt.

    2.  Employees are either exempt or non-exempt and the key to determination of exempt status does not depend on employer's general characterization of job; what is important is what

employee actually does on day-to-day basis. *Ale v. Tennessee Valley Authority,* 269 F.3d 688, 691 (6th Cir. 2001).

3. It is well settled that employees are *presumed* to be non-exempt; that is, that they are entitled to overtime at the rate of time and one half their regular hourly rate for hours worked after 40 each week. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

4. There is no applicable exemption to the FLSA in this case, but to the extent one is asserted the Defendants, they have the burden of proof and any alleged exemption must be established through clear and affirmative evidence that the employee meets every requirement of an exemption. *Ale v. Tennessee Valley Authority,* 269 F.3d 680, 683 (6th Cir. 2001).

5. Plaintiff was classified by Defendants as an EXEMPT employee under the Fair Labor Standards Act for a limited period of time from October 29, 2017 until December 17, 2017.

### The Parties

6. Plaintiff is a Florida resident who began working for Defendants within the meaning of the FLSA from October 2013 until March 2018.

7. Defendant, Yalaha Bakery LLC, is a Florida corporation, with a principal address of 8210 County Road 48, Yalaha, Florida 34797, AND at all times material owned, managed and operated and conducted business under the name Yalaha Bakery.

8. The YALAHA BAKERY principal address and where Plaintiff worked for Defendant is located at 8210 County Road 48, Yalaha, Florida 34797.

9. Defendant Defendant Heinz Juergen Klumb is the general manager of Yalaha Bakery, and upon information and belief the owner of the Yalaha Bakery along with co-defendant, Anne Marie Klumb.

10. Anne Marie Klumb is a manager, and upon information and an owner of Yalaha Bakery.

11. Both Anne Marie and Heinz Juergen Klumb are involved with the day to day business management of the Bakery and both were involved in creating the employment policies and pay practices for employees.

12. Both Klumb defendants set employee work schedules, rates of pay for all employees, including the Plaintiff and otherwise instructs the Plaintiff and the other employees as to their job duties and requirements. Both Klumb defendants likewise also created the unlawful pay practices complained of herein.

13. As an officer, manager, and or owner of the Yalaha Bakery LLC, the Klumb Defendants are each an employer within the meaning of the FLSA. See In re Van Diepen, P.A., 236 Fed. Appx. 498, 12 Wage & Hour Cas. 2d (BNA) 1358 (11th Cir. 2007) (allowing individual liability).

## Venue and Jurisdiction

14. The Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1337 and 29 U.S.C. § 216(b) because this action involves a federal question under the Fair Labor Standards Act.

15. This Court has personal jurisdiction over Defendants because Yalaha Bakery is a company organized under the laws of Florida, and also operates a continuous business inside the State of Florida.

16. The Klumb Defendants are residents of the State of Florida and reside in this District.

17. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) because the acts complained of by Plaintiff occurred in the Middle District of Florida, specifically in Yalaha, Lake

County Florida, and Defendant is subject to personal jurisdiction within this District and division as it engaged in continuous business therein.

### Plaintiff's Job

18. Plaintiff's worked in the capacity of a baker or assistant pastry chef for Yalaha bakery.

19. Plaintiff did not manage employees or supervise other employees, and specifically did not supervise two or more full time employees or the equivalent..

20. Plaintiff did not exercise discretion and independent judgment in any facet of her work.

21. No formal education or chef degree from a culinary arts program was a prerequisite for Plaintiff's position.

### Dates of Employment

22. Plaintiff began her employment with Defendants on or around October 15, 2013 until March 2018.

### Rates of Pay

23. She was paid hourly at this time at a rate of $13.50 per hour for three (3) years. She was also paid overtime during that time for the hours she worked in excess of 40.

24. Beginning the workweek of October 28 2017, Defendants reclassified Plaintiff to an exempt, salaried employee without explanation or justification, other than because she was routinely incurring overtime hours and Defendants sought to evade the overtime laws and save money on payroll expenses.

25. Plaintiff did not want to be put on salary and lose her overtime pay.

## Hours Worked

26.  During Plaintiff's employment, Plaintiff regularly worked in excess of 40 hours a week, both prior to and after Plaintiff was put on salary.

27. The Defendant is aware that the Plaintiff regularly worked more than forty (40) hours a week both prior to and after being placed on salary.

28. Defendant required Plaintiff to work more than forty (40) hours in any given workweek.

29. Beginning in approximately October 2017, Defendants did not compensate Plaintiff or pay her any premium for overtime hours worked in excess of forty (40) in any given workweek.

## Evidence of Hours

30. Evidence reflecting the precise number of overtime hours worked by Plaintiff, as well as the applicable compensation rates, is in the possession of the Defendants.

31.  Some of these records indicate work performed by the Plaintiff in excess of 40 hours in a workweek without any overtime pay.

32. If these records are unavailable or unreliable, Plaintiff may establish the hours she worked solely by her testimony, and the burden of overcoming such testimony shifts to the employer.  *See Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946).

## Defendants Bad Faith in Stealing Wages

33. Defendant's failure to pay overtime compensation to Plaintiff after she was placed on salary was knowing and willful intention to save labor costs and reduce the pay or compensation paid to Plaintiff.

34. Defendant *knew* it should be paying Plaintiff overtime but failed to do so, and did not obtain any legal opinion or good faith basis under the FLSA to support its reclassification as exempt for Plaintiffs position and its new pay practice or policy.

35. Defendant *was aware* of the laws concerning overtime.

36. Defendant lied to Plaintiff concerning why her pay rates and overtime was taken away, and also promised the overtime wages would be forthcoming, but was never paid to Plaintiff.

37. Upon information and belief, Defendant did not check with counsel to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

38. Defendant did not check with the Department of Labor to determine whether their pay practices were in compliance with the Fair Labor Standards Act.

39.  Accordingly, Plaintiff is entitled to recover all overtime pay due from overtime hours worked for which compensation was not paid, liquidated damages, and attorneys' fees under the FLSA's three-year statute of limitations.

40. Defendant has not made a good faith effort to comply with the FLSA with respect to its overtime policies and pay practices related to Plaintiff.

## **Coverage under the FLSA**

41. Defendant qualifies for and is subject to both traditional and enterprise coverage under the FLSA for all the relevant time periods contained in this Complaint.  Said differently, Defendant is subject to the FLSA.

42. During the times relevant to this Complaint, upon information and belief, Defendant employed more than two employees and has generated more than $500,000 in revenues for the years of 2016, 2017, and 2018.

43. At all relevant times Defendant has been and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a).

44. During the relevant period of times, Plaintiff was involved with producing goods to be placed into commerce and interstate commerce.

45. The FLSA defines "employer" as any "person" acting directly or indirectly in the interest of an employer in relation to an employee. 29 U.S.C. § 203(d).   *See also Boucher v. Shaw*, 572 F.3d1087, 1090 (9th Cir. Nev. 2009) (the definition of "employer" under the Fair Labor Standards Act (FLSA) is not limited by the common law concept of "employer," but is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes).

46. Defendant employed Plaintiff as an employee within the meaning of the FLSA § 203.

**COUNT 1**
**Failure to Pay Overtime Wages as Required by the FLSA 29 U.S.C. § 207 (As to All Defendants)**

47. Plaintiff realleges paragraphs 1-46 as if fully set forth in this Count.

48. Plaintiff brings this Complaint as a result of Defendants' willful violation of the FLSA overtime wage section, 29 USC Section 207, and to recover unpaid overtime wages, liquidated damages, interest, and reasonable attorneys' fees.

49. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA. Further, Defendants knew of all the hours Plaintiff worked.

50. As started herein, Plaintiff was entitled to overtime compensation at a rate no less than time and a half (1.5) her regular rate of pay for hours he worked beyond forty in any given workweek.

51. Plaintiff worked routine overtime hours at Defendants' behest, requirements and with their knowledge on a consistent basis throughout her employment with Defendants.

52. Defendants willfully refused to pay Plaintiff overtime compensation, or any premium for overtime hours worked over forty in a given workweek during the limited period of October 29,2017 until sometime in December, 2017.

53. Plaintiff would never have agreed to work more than 40 hours without overtime pay had she known she was legally entitled to be paid overtime wages.

54. Defendants' failure to pay Plaintiff overtime compensation at a rate not less than time and a half (1.5) her regular rate of pay for all hours worked over forty (40) in a given workweek is a violation of the FLSA, in particular, 29 U.S.C. § 207.

55. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

56. Due to Defendant's FLSA violations, Plaintiff has suffered damages and is entitled to recover from Defendant the unpaid overtime compensation, and an additional amount equal as liquidated damages, prejudgment interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. §216(b).

### **PRAYER FOR RELIEF**

57. WHEREFORE, Plaintiff prays for the following relief:

    a.  That the Court finds the Defendant in violation of the overtime compensation provisions of the FLSA and that the Court finds that Defendant's violation of the FLSA was and is willful;

b.  That the Court award Plaintiff overtime compensation for all the previous hours worked over forty (40) hours, during the relevant workweek she was classified as exempt, and award the Plaintiff overtime wages at the default rate of one and one-half times her regular rate of pay.

c.  An award of liquidated damages of an equal amount of the total overtime wages recovered;

d.  An order awarding attorneys' fees and costs pursuant to § 216 of the FLSA;

e.  Plaintiff requests a bench trial and waives her right to jury.

**Respectfully submitted this 10th of May, 2018.**

*/s/ Mitchell L. Feldman, Esq.*
Mitchell L. Feldman, Esq.
Florida Bar: 0080349
Feldman Williams PLLC
6940 W. Linebaugh Ave. #101
Tampa, FL 33625
Email: mitch@feldmanwilliams.com
Tel: 813-639-9366
Fax 813-639-9376
*Attorney for Plaintiff*