# FLSA SETTLEMENT AGREEMENT AND LIMITED FLSA RELEASE

This FLSA Settlement Agreement and Limited FLSA Release (the "Agreement") is made and entered into on the date(s) reflected below by and between YALAHA BAKERY LLC d/b/a YALAHA BAKERY ("the Company"), HEINZ UERGEN KLUMB, individually, and ANNE MARIE KLUMB, individually, on the one hand, and WENDY MCINTOSH (the "Plaintiff"), on the other hand.

WHEREAS:

A. The Plaintiff was previously employed by the Company.

B. On or about May 11, 2018, Plaintiff filed a lawsuit against the Company and the named individuals (sometimes collectively referred to as "Defendants") in the United States District Court, Middle District of Florida, styled *Wendy McIntosh v. Yalaha Bakery LLC d/b/a Yalaha Bakery, et al.,* Case No. 5:18-cv-00230-JSM-PRL ("the Civil Action").

C. In the Civil Action, the Plaintiff claims that she is entitled to but did not receive from the Defendants certain compensation allegedly owed to her pursuant to the Fair Labor Standards Act of 1938, as amended ("the FLSA").

D. The Defendants dispute and deny, and will continue to dispute and deny, all of the Plaintiff's claims in the Civil Action and deny that the Plaintiff is owed any monies for which she has not already been properly paid (the "Alleged Compensation Amount").

E. There are bona fide disputes between the parties as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof.

F. The Defendants deny each and every material allegation set forth in the Civil Action and deny having committed any wrong or causing any injury to the Plaintiff.

G. In order to avoid the further costs and burdens of litigation, the Defendants and the Plaintiff now desire to settle fully and finally any and all differences between them, including, but not limited to, those differences embodied in the Civil Action.

**NOW, THEREFORE,** the Defendants and the Plaintiff agree as follows:

1. The foregoing recitals constitute part of this Agreement.

2. In consideration of this Settlement Agreement and Limited FLSA Release and the mutual promises set forth herein, and in full, final and complete settlement, the Company shall cause to be paid to the Plaintiff, the total gross amount of Eight Hundred Sixty-Seven Dollars and Fifty Cents ($867.50) for Plaintiff's alleged unpaid wages and liquidated damages (the "Settlement Amount").

EXHIBIT 1

      (a) By no later than ten (10) days following the District Court's entry of an Order approving this Agreement, the Defendant shall cause to be delivered to Plaintiff's attorney's office:

          i. A payroll style check made payable to Plaintiff in the gross sum of $433.75, less applicable deductions and withholdings, in satisfaction of claims for wages allegedly owed; and

          ii. A non-payroll style check made payable to Plaintiff in the gross and net sum of $433.75, in satisfaction of claims for liquidated damages allegedly owed, with the amount reported as "other income".

     3. The payment set forth in Paragraph 2(a)(i) above will be reported by the Company for tax purposes on Form W-2 to be issued by the Company to Plaintiff and Plaintiff agrees and understands that all applicable taxes shall be withheld from that payment. The payment set forth in Paragraph 2(a)(ii) above will be reported by the Company for tax purposes on form 1099 to be issued to Plaintiff and the Plaintiff agrees and understands that no taxes shall be withheld from these payments. The Plaintiff agrees and acknowledges that, between them, as allocated pursuant to applicable law, she will be solely responsible for the payment of any and all taxes with respect to the payments referenced in this Paragraph and represents and warrants that such taxes will be timely and fully paid.

Neither the Company nor Plaintiff make any representations as to the taxability of the amounts paid by the Company to the Plaintiff. The Plaintiff agrees to pay the employee, but not the employer, federal or state taxes, if any, which are required by law to be paid with respect to the Settlement Amounts. Moreover, the Plaintiff agrees to indemnify the Company and hold it harmless from any interest, taxes or penalties assessed against them by any governmental agency as a result of the non-payment of employee, but not employer, taxes on any amounts paid to the Plaintiff or Plaintiff's attorney under the terms of this Agreement.

     4. Together with this Agreement, the attorneys for the Plaintiff – Feldman Williams PLLC ("Plaintiff's attorneys") will execute a Joint Motion to Review and Approve the FLSA Settlement (the "Joint Motion") and forward it to the Defendants' attorneys as set forth below. The Plaintiff and the Defendants hereby authorize and instruct their respective attorneys to transmit the executed Joint Motion to the District Court. The parties agree to take whatever other actions are necessary to effectuate the dismissal with prejudice of the Civil Action, should the District Court disapprove or deny the Joint Motion.

     5. The parties agree and acknowledge that there are good faith, bona fide disputes between the Company and the Plaintiff as to whether the Plaintiff is entitled to receive the Alleged Compensation Amount or any part thereof. The parties further agree and acknowledge that this Settlement Agreement represents a fair, reasonable, good faith and arms-length compromise of disputed issues and claims. Notwithstanding, Plaintiff represents, warrants, and agrees that the amounts paid by or on behalf of the Company pursuant to this Agreement represent a fair

compromise of (a) the Alleged Compensation Amount; and (b) any and all others amounts, including but not limited to alleged unpaid wages, alleged liquidated damages, to which the Plaintiff claims or may claim entitlement as against the Company, including amounts pursuant to the Fair Labor Standards Act of 1938, as amended. The Defendants agree that Plaintiff is entitled to recovery of reasonable attorney's fees and costs as per FLSA 216(b), but request the court determine the amount.

6. The Plaintiff, in consideration of this Agreement and the mutual promises set forth herein, and for other good and valuable consideration received from or on behalf of the Company, receipt whereof is hereby acknowledged, hereby *releases and forever discharges* the Company and the Company's parent companies, subsidiaries, divisions, affiliates, and related companies, and any predecessors, successors, heirs, executors, administrators, assigns, shareholders (direct or indirect), directors, officers, employees, agents, and attorneys (and the shareholders (direct or indirect), directors, officers, employees, agents, and attorneys of such parent companies, subsidiaries, affiliates, and related companies), and all persons acting by, through, under, or in concert with any of them, specifically including HEINZ JUERGEN KLUMB and ANNE MARIE KLUMB, individually (hereinafter defined separately and collectively as the "Defendant Releasees"), from any and all claims asserted, or which could have been asserted, in the Civil Action, under the Fair Labor Standards Act of 1938, as amended, and any and all claims for monetary recovery, including, but not limited to, back wages or liquidated damages, experts' fees and disbursements under the Fair Labor Standards Act of 1938, as amended, which, against the Defendant Releasees, Plaintiff or her heirs, executors, administrators, successors, and assigns ever had, now has, or hereafter can, will, or may have, for, upon, or by reason of any matter, cause, or thing whatsoever from the beginning of the world to the date Plaintiff executes this Agreement.

Plaintiff agrees, acknowledges and confirms that she has not worked any additional overtime for which she is eligible to receive any additional compensation not otherwise paid to her previously or pursuant to this Agreement.

This release does not include any and all claims which arise or may arise subsequent to the execution of this Agreement.

7. The Plaintiff understands and acknowledges that there may be facts or information which she does not know or suspects to exist in her favor at the time she executes this Agreement, and she agrees that this Agreement is intended to and does extinguish any and all claims she might have based on such facts or information.

8. No payment made pursuant to this Agreement shall constitute or be considered "wages," "earnings" or "compensation" for any purpose under any retirement plan, welfare plan, stock purchase plan, bonus plan, employee stock ownership plan or vacation policy of the Company.

9. In the event that there is any litigation (including appellate proceedings or arbitration) arising out of or relating to this Agreement, the prevailing party shall recover, in addition to any and all other relief, her or its attorneys' fees and expenses.

3

10. This Agreement is to be interpreted, construed, and enforced pursuant to the substantive laws of the State of Florida, without regard to choice of law principles. Any action or proceeding relating to or arising out of this Agreement shall solely and exclusively be brought in a state court of competent jurisdiction.

11. Should any term or provision of this Agreement require interpretation or construction, it is agreed by the parties that the court or other entity interpreting or construing this document shall not apply any presumption that the terms and provisions of this Agreement shall be more strictly construed against any particular party, it being agreed that all parties and their respective attorneys have fully participated in the preparation of all terms and provisions of this Agreement.

12. This Agreement sets forth the entire agreement between the parties hereto, fully supersedes any and all prior agreements or understandings, oral or otherwise, between the parties regarding the subject matter hereof, and may not be modified orally.

13. This Agreement is not, and shall not in any way be construed as, an admission by the Company or any of the Defendant Releasees of any liability to, or of any unlawful or otherwise wrongful acts against, the Plaintiff or any other person, and the Company specifically disclaim any liability to, or any unlawful or otherwise wrongful acts against, the Plaintiff or any other person on the part of the Company or any of the other Defendant Releasees. This Agreement shall not be admissible or discoverable in any court or administrative proceeding other than as necessary in an action or proceeding for the express purpose of enforcing or construing this Agreement.

14. The Plaintiff represents and acknowledges that her signature hereon shows that she has decided, knowingly, voluntarily, freely and without coercion, after consulting with appropriate legal counsel, to execute this Agreement in return for the consideration paid by the Company, and that her signature appearing hereon is genuine.

15. This Agreement may be executed in counterparts, each of which shall be deemed an original, and the counterparts shall together constitute one and the same instrument, notwithstanding that the parties hereto may not be signatories to the original or the same counterpart. The parties agree and acknowledge that a photocopy, facsimile copy or scanned email copy of an executed signature or initialed page may be used in place of an original executed signature or initialed page for any purpose.

16. Any notice, correspondence, payment or other communication contemplated by or connected with this Agreement shall be directed as follows:

  (a) <u>If to the Company</u>:

    Daniel R. Levine, Esq.
    Padula Bennardo Levine LLP
    3837 NW Boca Raton Blvd., Suite 200
    Boca Raton, Florida 33431
    Telephone: (561) 544-8900

    Facsimile: (561) 544-8999
    E-Mail: drl@pbl-law.com

 (b) If to the Plaintiff:

    Mitchell L. Feldman, Esq.
    Feldman Williams PLLC
    6490 W. Linebaugh Ave., #101
    Tampa, Florida 33625
    Telephone: (877) 946-8293
    Facsimile: (813) 639-9376
    E-Mail: mitch@feldmanwilliams.com

 17. **THE PLAINTIFF EXPRESSLY REPRESENTS AND WARRANTS THAT SHE (a) HAS CAREFULLY READ THIS AGREEMENT OR HAS HAD IT READ TO HER; (b) FULLY UNDERSTANDS THE TERMS, CONDITIONS, AND SIGNIFICANCE OF THIS AGREEMENT; (c) HAS HAD AMPLE TIME TO CONSIDER AND NEGOTIATE THIS AGREEMENT; (d) HAS HAD A FULL OPPORTUNITY TO REVIEW THIS AGREEMENT WITH HER ATTORNEYS, FELDMAN WILLIAMS PLLC, AND HAS DONE SO; AND (e) HAS EXECUTED THIS AGREEMENT VOLUNTARILY, KNOWINGLY, AND WITH THE ADVICE OF HER ATTORNEYS.**

    [SIGNATURES APPEAR ON FOLLOWING PAGE]

YALAHA BAKERY LLC d/b/a YALAHA BAKERY

By: _HEINZ J KLUMB_

Dated: _08/05/2018_


HEINZ JUERGEN KLUMB

_[signature]_
HEINZ JUERGEN KLUMB

Dated: _08/05/2018_


ANNE MARIE KLUMB

_[signature]_
ANNE MARIE KLUMB

Dated: _Aug 5/2018_


WENDY MCINTOSH

_____
WENDY MCINTOSH

Dated: _____

YALAHA BAKERY LLC d/b/a YALAHA BAKERY

By: _____

Dated: _____

HEINZ JUERGEN KLUMB

_____
HEINZ JUERGEN KLUMB

Dated: _____

ANNE MARIE KLUMB

_____
ANNE MARIE KLUMB

Dated: _____

WENDY MCINTOSH

*/s/ Wendy McIntosh*
WENDY MCINTOSH

Dated: 8/10/18